**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HONDA LEASE TRUST,<br><br>       Plaintiff,<br>  v.<br><br>CITY OF NEWARK AND DENTE<br>BROTHERS TOWING, INC.,<br><br>       Defendants. | (Electronically Filed)<br><br>Civil Case No.:<br><br>**COMPLAINT** |

Plaintiff, Honda Lease Trust ("Honda"), as and for its Complaint against Defendants, the City of Newark, New Jersey ("Newark") and Dente Brothers Towing, Inc. ("Dente"), alleges:

**<u>NATURE OF ACTION</u>**

1. Newark regularly seizes vehicles as part of its law enforcement activity but has no constitutionally appropriate procedure for disposing of seized vehicles consistent with the basic due process requirements of notice and a hearing. Instead, Newark employs the outdated and constitutionally unsound practice of summarily turning over control of seized vehicles to the private company that towed and stored the vehicle when Newark seized it.  In this regard, Newark's policy is to enlist a garage to tow and store vehicles, allow those garages to withhold possession until someone other than Newark pays, and—if nobody pays—to assist the garage in selling those vehicles to cover the costs of towing and storage.

2. Newark's policy and practice of summarily turning over seized vehicles to private tow companies, and eventually auctioning them to cover the costs of towing and storage, is a joint enterprise from which Newark benefits by avoiding the cost of preserving the seized vehicles and by avoiding the cost of having to pay for towing services, because Newark uses the hardship of possession of a seized vehicle, and/or its eventual sale, to compensate the tow

company for the services it renders to Newark in lieu of Newark paying for those services with its own money. The tow company benefits by earning money through exercising control over the vehicle (created under the mantle of Newark's authority), and by eventually obtaining payment for towing and storage fees from the sale of seized vehicles.

3.      Here, after seizing a vehicle owned and leased by Honda, Newark afforded no due process to Honda and instead summarily disposed of its interests in that vehicle by giving it to Dente as payment for the services that Newark had contracted Dente to provide.  Dente asserted a *de facto* lien on the vehicle for those services, demanded that Honda satisfy that lien—which Dente insisted impaired Honda's pre-existing ownership interests—before it would relinquish possession of Honda's property.  When Honda did not make payment, Newark auctioned the vehicle, retained part of the proceeds for itself, and paid the remainder to Dente.

4.      At no time was Honda afforded notice, a hearing, or just compensation for Newark's deprivation of Honda's property rights.

## JURISDICTION AND VENUE

5.      This is a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of Honda's rights secured by the Fourth, Fifth and the Fourteenth Amendments to the United States Constitution, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), as well as 28 U.S.C. § 1331.

6.      The remaining cause of action are appropriate pursuant to 28 U.S.C. § 1367 for interrelated state law claims that arise from the occurrences giving rise to the Federal claims, which have a common nucleus of operative fact.

7.      Venue lies in the Court pursuant to 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8.      Plaintiff Honda is a business trust incorporated in the State of Delaware in the business of, *inter alia*, taking assignments of lease contracts to motor vehicles and holding title to those vehicles during the period of the lease, including being the titled owner of the vehicle which is the subject of this action, a 2025 Acura Integra bearing VIN 19UDE 4H38SA007298 (the "Vehicle").

9.      Defendant Newark is a municipality organized and existing under the laws of the State of New Jersey.

10.     Defendant Dente is, upon information and belief, a corporation incorporated in the State of New Jersey which is engaged in the business of towing and storing motor vehicles.

## FACTS

### Honda's interest in the Vehicle

11.     On or about February 12, 2025, non-party Jihad Halley (the "Customer") leased the Vehicle from a non-party Acura dealer, who then assigned that lease to Honda.

12.     On or about February 18, 2025, the State of New Jersey issued a title in Honda's name, and Honda remained the titled owner of the Vehicle at all relevant times.

13.     By virtue of Newark's seizure of the Vehicle on or about May 7, 2025, and by the amounts Dente claimed by way of possessory lien on the Vehicle, the Customer defaulted on non-monetary terms of the lease, entitling Honda to immediate possession of the Vehicle.

14.    On July 12, 2025, the Customer defaulted on the payment provisions of the lease contract, also separately entitling Honda to immediate possession of the Vehicle.

**Newark seized the Vehicle, in which Honda held a protected interest, and gave it to Dente for disposal**

15.    On or about May 7, 2025, Dente actively and regularly towed and stored vehicles at the direction of Newark police officers acting in the regular course of their duties as law enforcement officers.

16.    On or about May 7, 2025, Newark took custody of the Vehicle and instructed Dente to tow it from the roadway and store it at Newark's direction.

17.    Honda had no involvement with or knowledge of the operation of the Vehicle at the time it was seized by Newark Police and/or Dente.

18.    Newark did not have a warrant or other court order relating to its seizure of the Vehicle.

19.    On or about May 16, 2025, Newark further instructed Dente to tow it from Newark's precinct to Dente's storage lot.  Upon information and belief, as of this date Newark had completed any investigation associated with the seizure of the vehicle.

20.    Newark did not hold any hearing relating to its seizure of the Vehicle, either before or after seizing it and instructing Dente to tow it.

21.    On or about June 3, 2025, Honda received correspondence which, upon information and belief, had been transmitted by Newark and/or Dente on or around May 27, 2025, leading Honda to become aware that the Vehicle had been impounded.  A true and correct copy of that correspondence is attached as **Exhibit A**.

22.    The Correspondence stated that the Vehicle was "Towed For: Motor Vehicle Violations," that it was a "formal notification that the Newark Police Division has impounded

4

the… vehicle," and that "you will be required to present certain documents in order to obtain a release for this vehicle" in person from the "Newark Police Auto Squad-Release Section."

23.    The document also said:

**IMPORTANT NOTICE - After thirty (30) days unclaimed vehicles are subject to Sale at Public Auction in accordance with N.J.S. 39:10-3A. Upon receiving this notice, you must immediately respond to remove your vehicle.**

See Exhibit A (bold in original).

24.    Upon learning that the Vehicle was impounded, Honda called Dente and demanded that the Vehicle be released to it, and Dente refused unless Honda paid the fees demanded by Dente in order to recover the Vehicle.  Specifically, on June 3, 2025 Dente demanded payment of towing and storage charges in the amount of $1,461.17 as a condition for release of the Vehicle.

25.    Dente asserted that it was able to detain the Vehicle from Honda until Honda paid Dente for Dente's provision to Newark of towing and storage services relating to the Vehicle.

26.    Defendants also placed other conditions on the release of the Vehicle to Honda, including Newark maintaining control over the Vehicle and the final say over its release by requiring Honda to present documents to the Newark Police to obtain a "police release" from Newark.

27.    Newark did not have a warrant or other court order relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

28.    Newark did not hold any hearing relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

29.    Honda did not pay the fees demanded by Dente, and Dente refused to release the Vehicle to Honda.

30.    Newark held an auction on or about October 17, 2025, at which it sold the Vehicle, purportedly free and clear of Honda's ownership interest.

31.    Upon information and belief, both Newark and Dente each retained a portion of the proceeds of the sale of the Vehicle.

32.    Newark obtained no court order, and held no hearing, regarding its decision to auction the Vehicle and retain the proceeds.

33.    Newark offered no compensation to Honda for the loss of Honda's Vehicle.

34.    Newark benefited from Dente's detention of the Vehicle, in that Newark obtained Dente's impound storage services, as well as Dente's towing services to clear the roadway, with no payment (or reduced payment) of money from Newark to Dente.

35.    Dente only possessed the Vehicle by virtue of its relationship with Newark and acted in concert with Newark to seize, detain and dispose of the Vehicle.  Dente had no other right to remove the Vehicle from the roadway and hold it against anyone. Dente, therefore, acted under color of law when it towed, stored and/or disposed of the Vehicle.

36.    Honda is not legally required to pay Newark's towing and storage bill for Dente's alleged services, or to comply with the other conditions placed by Defendants on the release of the Vehicle.

**Newark's and Dente's regular policies, customs and/or practices for the detention and disposal of seized vehicles**

37.    Newark and Dente's conduct in relation to Honda and the Vehicle on and after May 7, 2025, comported with both Newark's and Dente's regular policies, customs and/or practices for the handling of Vehicles encountered and impounded under the same or similar circumstances.

6

38.    Newark carries out its essential functions through its own police, who, among other things, seize vehicles for a variety of reasons ranging from alleged criminal infractions to parking violations.

39.    Newark delegates a portion of the performance of these essential functions to Dente. Specifically, Newark police utilize Dente to tow away, store and dispose of vehicles seized by Newark police acting in the course of their duties as law enforcement officers.  In essence, Dente is Newark's vehicle impound contractor for the area relevant to this action.

40.    Pursuant to this relationship, Newark exercises governmental authority to seize vehicles in concert with Dente.

41.    Regardless of the reason for Newark's initial seizure of a given vehicle, Newark does not return those vehicles to a person with a preexisting property interest when the justification for Newark's seizure has passed.  Instead, Newark places seized vehicles in the possession of its tow operators, including Dente, for storage and disposal, permitting Dente to assert an *ex parte* possessory lien to secure payment of charges relating to the towing, storage, and disposal of the seized vehicles, and to place other conditions on the release of such vehicles.

42.    Dente accepts the seized vehicles from Newark as either partial or total payment for the towing and storage services Dente provides to Newark.

43.    Rather than receiving monetary compensation from Newark for the services Newark has contracted Dente to provide, Dente instead impresses an *ex parte* possessory lien for towing and storage fees, which it claims supersedes any other persons' rights in these vehicles.

44.    After assessing an *ex parte* possessory lien on impounded vehicles, Dente refuses to return possession of the vehicles to any other person, even those with pre-existing property rights in the vehicles, while claiming additional daily storages charges.

45.     To effectuate eventual disposal of an impounded vehicle, Defendants insist persons with preexisting property interests satisfy Dente's *ex parte* possessory lien, and further asserts that if this unilateral condition is not satisfied, Defendants can sell the impounded vehicles and eliminate all other persons interest in those vehicles.

46.     Newark benefits from Dente's assertion of an *ex parte* lien on, and both Defendants' eventual sale of, seized vehicles. Without Dente's conduct, Newark would be forced to pay monetary consideration to Dente for the services Dente provides Newark instead of compensating Dente with possession and authority to assert a lien on the impounded vehicles.

47.     Moreover, upon information and belief, Dente pays a portion of the proceeds it obtains from others back to Newark as part of its agreement(s) with Newark.

48.     It is Newark's and Dente's regular policy and custom, in the course of the above-described conduct, to not obtain a warrant or other court order for any of the following actions (for which no valid exception to the warrant requirement exists):

A.      Newark's initial seizure of a vehicle;

B.      Newark's turnover of possession of a vehicle to Dente;

C.      Newark and Dente's continued detention of a vehicle while Dente asserts an *ex parte* possessory lien and Defendants place other conditions on the release of such a vehicle; and

D.      Newark and Dente taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

49.     Even if the initial seizure of the vehicles in question were made under a valid exception to the Fourth Amendment's warrant requirement, a (possibly) valid initial warrantless seizure does not justify any action Newark or Dente decide to take thereafter, as referenced in ¶ 48 (B-D), *supra*. Rather, Newark and Dente's subsequent actions render the seizures unreasonable, even if done with an initially valid exception to the warrant requirement.

50.     It is also Newark's and Dente's regular policy and custom, in the course of the above-described conduct, to not provide any form of constitutionally adequate notice, nor any hearing whatsoever, in relation to any of the following actions:

A.     Newark's initial seizure of a vehicle;

B.     Newark's turnover of possession of a vehicle to IMPDF;

C.     Newark and Dente's continued detention of a vehicle while Dente asserts an *ex parte* possessory lien and Defendants place other conditions on the release of such a vehicle; and

D.     Neark and Dente taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

51.     Any notification(s) transmitted by Newark and/or Dente relating to the conduct referenced in ¶ 50 (A)-(D) does not satisfy the constitutional due process requirement of notice, because these communications are merely notifications of Newark's and/or Dente's unilateral demands, and not notice of an opportunity to be heard (which does not occur).

52.     Newark does not compensate persons with pre-existing property interests for its use of such seized vehicles, *i.e.* Newark's use of seized vehicles to compensate Dente.

53.     These actions, all taken in accordance with Newark's and Dente's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

54.     Newark and Dente knew or should have known that their actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### COUNT I
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Deprivation of Property by Unreasonable Seizure)**
**(as against all Defendants)**

55.     Honda realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

56.    Honda is the holder of a protected property interest in the Vehicle.

57.    Defendants meaningfully interfered with Honda's protected interest in the Vehicle by towing it, detaining it, withholding possession from Honda, demanding payment and other conditions for release of it, and threatening to ultimately take ownership of it free from Honda's lien.

58.    By these actions, Defendants acted under color of law to seize the Vehicle within the meaning of the Fourth Amendment to the United States' Constitution.

59.    Defendants' seizure of the Vehicle was unaccompanied by a warrant.

60.    Defendants' seizure of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner of execution insofar as the seizure exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

61.    Defendants' seizure of the Vehicle was unreasonable in violation of the Fourth Amendment to the United States' Constitution.

62.    Defendants' unreasonable seizure of the Vehicle was accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

63.    As a direct and proximate result of Newark's and Dente's violation of Honda's Constitutional right to be free from unreasonable seizures, Honda has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

64.    Honda is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Honda prays for (i) judgment against Defendants Newark and Dente, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Dente only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

### COUNT II
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property Without Due Process of Law)
### (as against all Defendants)

65.    Honda realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

66.    Honda is the holder of a protected property interest in the Vehicle.

67.    Newark and/or Dente's actions resulted in the deprivation of Honda's protected property interests in the Vehicle.

68.    Neither Newark nor Dente had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a judge or other neutral decisionmaker.

69.    Neither Newark nor Dente provided Honda for an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time.

70.    Because neither Newark nor Dente provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a judge or other

neutral decisionmaker, neither provided Honda with constitutionally adequate notice of that non-existent hearing procedure.

71.     The manner in which Honda became aware of Newark and Dente's seizure of the Vehicle, as well as Dente's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

72.     Defendants' deprivation of Honda's rights in the Vehicle was therefore accomplished without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

73.     Defendants' deprivations of Honda's rights in the Vehicle were accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

74.     As a direct and proximate result of Newark's and Dente's violation of Honda's Constitutional right to be free from deprivations without due process of law, Honda has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

75.     Honda is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** Honda prays for (i) judgment against Defendants Newark and Dente, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Dente only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons

subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

<b><u>COUNT III</u></b><br><b>Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983</b><br><b>(Taking of Property Without Just Compensation)</b><br><b>(as against Newark)</b>

76.    Honda realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

77.    Honda is the holder of a protected property interest in the Vehicle.

78.    Newark compensated Dente, in whole or in part, by turning over possession of the Vehicle to Dente, who lawfully possessed the Vehicle only by virtue of having obtained it from Newark.

79.    Dente accepted the Vehicle as compensation, in whole or in part, for the services it provided to Newark, namely the towing and storage of the Vehicle that Newark had seized.

80.    Newark interfered with Honda's protected interests in the Vehicle, and its possessory rights pursuant to its contract with its Customer, by turning over the Vehicle to Dente and permitting it to assert a possessory lien that both Defendants asserted encumbered Honda's interests and prevented Honda from exercising its contractual possessory rights in the Vehicle.

81.    Newark thereby took Honda's interests in the Vehicle—its right to possession of the Vehicle and the assertion of an encumbrance on its ownership of the Vehicle—for a public use.

82.    Newark did not compensate Honda for the taking of its interest in the Vehicle.

83.    Newark therefore took Honda's property for public use without just compensation in violation of the takings clause of the Fifth Amendment to the United States' Constitution.

84.    Newark's taking of Honda's rights in the Vehicle was accomplished in accordance with Newark's standard policy and/or custom for the handling and disposal of seized vehicles.

85.    As a direct and proximate result of Newark's violation of Honda's Constitutional right to be free from takings without just compensation, Honda has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

86.    Honda is, therefore, entitled to relief under 42 U.S.C. § 1983

**WHEREFORE,** Honda prays for (i) judgment against Defendants Newark and Dente, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Dente only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. § 2201-2202 that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT IV
### Conversion
### (as against Dente only)

87.    Honda incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

88.    Honda owns the Vehicle, and in accordance with its rights under its lease with the Customer, has become entitled to immediate possession of the Vehicle.

14

89. Dente has refused, and continues to refuse, to surrender possession of the Vehicle to Honda.

90. By these actions, Dente has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with Honda's ownership rights to possession of the Vehicle.

91. Honda has suffered, and continues to suffer, damages as a result of Dente's actions.

**WHEREFORE**, Honda prays for judgment against Defendant Dente for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT V
**Violation of New Jersey Civil Rights Act N.J.S.A. 10:6-1 et seq.**
**(Deprivation of Property by Unreasonable Seizure in violation of N.J. Const. Art. I ¶7)**
**(as against all Defendants)**

92. Honda incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

93. Honda is the holder of a protected property interest in the Vehicle.

94. Defendants meaningfully interfered with Honda's protected interest in the Vehicle by towing it, detaining it, withholding possession from Honda, demanding payment and other conditions for release of it, and threatening to ultimately take ownership of it free from Honda's lien.

95. By these actions, Defendants acted under color of law to seize the Vehicle within the meaning of the New Jersey Constitution Article 1, paragraph 7.

96. Defendants' seizure of the Vehicle was unaccompanied by a warrant.

97.     Defendants' seizure of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner of execution insofar as the seizure exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

98.     Defendants' seizure of the Vehicle was unreasonable in violation of the Article I of the New Jersey Constitution.

99.     Defendants' unreasonable seizure of the Vehicle was accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

100.    As a direct and proximate result of Newark's and Dente's violation of Honda's Constitutional right to be free from unreasonable seizures, Honda has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

101.    Honda is, therefore, entitled to relief under N.J.S.A. 10:6-1 et seq.

**WHEREFORE,** Honda prays for (i) judgment against Defendants Newark and Dente, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Dente only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to N.J.S.A. 10:6-1 et seq.; and (ii) a declaration pursuant to N.J.S.A. 10:6-1 et seq. that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of

persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

**COUNT VI**
**Violation of New Jersey Civil Rights Act N.J.S.A. 10:6-1 et seq.**
**(Deprivation of Property Without Due Process of Law in violation of N.J. Const. Art. I, ¶ 1)**
**(as against all Defendants)**

102.    Honda incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

103.    Honda is the holder of a protected property interest in the Vehicle.

104.    Newark and/or Dente's actions resulted in the deprivation of Honda's protected property interests in the Vehicle.

105.    Neither Newark nor Dente had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a judge or other neutral decisionmaker.

106.    Neither Newark nor Dente provided Honda for an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time.

107.    Because neither Newark nor Dente provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a judge or other neutral decisionmaker, neither provided Honda with constitutionally adequate notice of that non-existent hearing procedure.

108.    The manner in which Honda became aware of Newark and Dente's seizure of the Vehicle, as well as Dente's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

109.    Defendants' deprivation of Honda's rights in the Vehicle was therefore accomplished without due process of law in violation of the New Jersey Constitution Article I, paragraph 1.

110.    Defendants' deprivations of Honda's rights in the Vehicle were accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

111.    As a direct and proximate result of Newark's and Dente's violation of Honda's Constitutional right to be free from deprivations without due process of law, Honda has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

112.    Honda is, therefore, entitled to relief under N.J.S.A. 10:6-1 et seq.

**WHEREFORE,** Honda prays for (i) judgment against Defendants Newark and Dente, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Dente only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to N.J.S.A. 10:6-1 et seq.; and (ii) a declaration pursuant to N.J.S.A. 10:6-1 et seq. that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

### COUNT VII
**Violation of New Jersey Civil Rights Act N.J.S.A. 10:6-1 et seq.**
**(Taking of Property Without Just Compensation in violation of N.J. Const. Art. I, ¶ 20)**
**(as against all Defendants)**

113.    Honda incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

18

114.    Honda is the holder of a protected property interest in the Vehicle.

115.    Newark compensated Dente, in whole or in part, by turning over possession of the Vehicle to Dente, who lawfully possessed the Vehicle only by virtue of having obtained it from Newark.

116.    Dente accepted the Vehicle as compensation, in whole or in part, for the services it provided to Newark, namely the towing and storage of the Vehicle that Newark had seized.

117.    Newark interfered with Honda's protected interests in the Vehicle, and its possessory rights pursuant to its contract with its Customer, by turning over the Vehicle to Dente and permitting it to assert a possessory lien that both Defendants asserted encumbered Honda's interests and prevented Honda from exercising its contractual possessory rights in the Vehicle.

118.    Newark thereby took Honda's interests in the Vehicle—its right to possession of the Vehicle and the assertion of an encumbrance on its ownership of the Vehicle—for a public use.

119.    Newark did not compensate Honda for the taking of its interest in the Vehicle.

120.    Newark therefore took Honda's property for public use without just compensation in violation of the takings clause of the New Jersey Constitution, Article I, paragraph 20.

121.    Newark's taking of Honda's rights in the Vehicle was accomplished in accordance with Newark's standard policy and/or custom for the handling and disposal of seized vehicles.

122.    As a direct and proximate result of Newark's violation of Honda's Constitutional right to be free from takings without just compensation, Honda has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

123.    Honda is, therefore, entitled to relief under N.J.S.A. 10:6-1 et seq.

**WHEREFORE,** Honda prays for (i) judgment against Defendants Newark and Dente, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Dente only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to N.J.S.A. 10:6-1 et seq.; and (ii) a declaration pursuant to N.J.S.A. 10:6-1 et seq. that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT VIII
### Violation of New Jersey Civil Rights Act N.J.S.A. 10:6-1 et seq.
### (Depravation of Right to a Jury Trial Pursuant to N.J. Const. Art. I ¶ 9.)
### (as against all Defendants)

124.    Honda incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

125.    Honda is the holder of a protected property interest in the Vehicle.

126.    Under the New Jersey Constitution the right to a jury trial is inviolate.

127.    Civil forfeitures are required to be heard by a jury at the request of an interested party.

128.    Honda was denied its right to have an impartial jury determine whether or not the forfeiture of the Vehicle should have occurred.

129.    Neither Newark nor Dente had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a jury.

20

130.    Neither Newark nor Dente provided Honda with an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time before a jury.

131.    Because neither Newark nor Dente provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a jury, neither provided Honda with constitutionally adequate notice of that non-existent hearing procedure.

132.    Had Honda been properly noticed, it would have demanded a jury trial for a determination as to whether the Vehicle could be subject to forfeiture.

133.    Newark and Dente denied, while acting under color of law, Honda its inviolate right to a jury trial.

134.    Newark and Dente, therefore, violated Honda's right to a jury trial in violation of the New Jersey Constitution Article I, paragraph 9.

135.    As a direct and proximate result of Newark's and Dente's violation of Honda's Constitutional right to a jury trial, Honda has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

136.    Honda is, therefore, entitled to relief under N.J.S.A. 10:6-1 et seq.

**WHEREFORE,** Honda prays for (i) judgment against Defendants Newark and Dente, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to Dente only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to N.J.S.A. 10:6-1 et seq.; and (ii) a declaration pursuant to N.J.S.A. 10:6-1 et seq. that, to the extent Defendants' actions comport with their ordinary policies that they intend to continue, those policies violate the constitutional rights of

persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

Dated: June 17, 2026

**NORRIS, McLAUGHLIN, PA**
Attorneys for Plaintiff

By: _/s/  Nicholas Duston_
     Nicholas A. Duston
     John V. Kelly
     400 Crossing Blvd. 8th Fl.
     Bridgewater, NJ 08807
     naduston@norris-law.com
     jvkelly@norris-law.com
     (908)-722-0700